CHARLES E. RICKEY

*v.*

THE STATE OF ILLINOIS.

*Opinion filed May 10, 1890.*

1. WATERS—*damage to lands by backing of water caused by construction of dam.* Where lands are damaged by reason of the backing of water onto the claimant's property, caused by the raising of the river level by the construction of a dam, the direct cause of the injury is the construction of the dam and the petition must be filed within two years from the date of the closing of the dam or it will be barred by the statute of limitations.

2. STATUTE OF LIMITATIONS—*how two years time is to be computed.* In computing the two years time within which claims shall be filed, the first day is to be excluded and the last day included unless the last day be Sunday, and then it also shall be excluded.

This claim was filed on the 23d of October, 1879. The petition filed recites that claimant was and is the owner of the southwest quarter of section eleven; also the northwest quarter of section fourteen and the east half of the northeast quarter of section fifteen, all in township twenty-nine, north of range three, east of the 3d P. M., Marshall county, Illinois. That said lands are situated in the bottoms of the Illinois river and subject to floods and inundation from high water in said river; that during the months from and including May to October in each year, the river is usually at low water mark and the lands of claimant left dry and productive.

Petition further avers that in October, 1877, there was constructed in the Illinois river by the authority of the State of Illinois, a dam near Copperas Creek which caused the level of the water in the river to be permanently raised about three feet above where it would have been had it not been for the dam in the river, thereby injuring the land of the claimant and its productive qualities.

To this petition the Attorney General has filed a plea of the statute of limitations; that the claim had not

been filed within two years after the cause of action had accrued.

We have held in quite a number of cases that this statute of limitations was in full force and applied directly to this class of cases.

But it has been insisted by claimant that this case ought not to be barred by the statute of limitations for the reason that the thing complained of is the backing of water on the lands of claimant and through the outlets which had drained his land. That it was not the building of the dam nor its effect upon the river, but the effects of the river on the land that is the matter complained of.

It seems to us this reasoning is fallacious, if, as contended, the damage complained of is the effect of the river on the land, affecting the land in a different manner from what it did. But what made the river affect the land differently? All agree it was the effect of the dam permanently raising the level of the water in the river, which made the river have an injurious effect upon the lands of the claimant. The extent that the land was injured from this cause would be the measure of the damage sustained. The right to maintain this claim, is, that the State had injured claimant's land by placing this obstruction in the river, that raised the level of the water and thereby causing the river to injure the productive qualities of claimant's land. So that the thing which caused the river to damage the land was the building of the dam. When it was completed and closed its immediate effect was to permanently raise the level of the water in the river. That fixes the time when the cause of action arose.

We do not see any sufficient reason for changing the position taken in the case of Fairbanks, for the use, etc., before decided.

The report of the engineer showing when the dam was closed was considered in evidence by agreement of the parties without being formally read. This report fixes the time when the dam was closed as the 21st day of

October, 1877, and the time the water flowed over the dam, as the 22d of October, 1877.

It is urged that inasmuch as this claim was filed on the 23d of October, 1879, it is within the two years, and our attention had been called to Section 1, Chapter 131, of the Revised Statutes which provides as follows: "The time in which any act provided by law is to be done, shall be computed by excluding the first day and including the last (unless the last day be Sunday, and then it shall also be excluded.)"

It is claimed that under this statute excluding the 22d, the two years would end on the 23d, that being the day the claim was filed. If you exclude the 22d, and include the last day, which we think should be done, the two years would expire at 12 o'clock on the night of the 22d, unless that day was Sunday, which upon examination we find it was not.

This claim not having been filed within the two years our conclusion is that the claim is barred by the statute of limitations and is, for that reason, rejected.